

FILED

FEB 2 5 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 10-45625-A-7 |
| MONTE LUTHER HANEY, | |
| Debtor. | Docket Control No.  None |

### MEMORANDUM

On February 18, 2011, the chapter 7 debtor filed an ex parte motion asking the court to declare that a $5,000 criminal "restitution fine" had been discharged in his chapter 7 case and order California prison authorities to cease collecting the restitution fine from his modest income.  The debtor receives approximately $100 per month for work within the prison.  Fifty-five percent of this income is being taken to satisfy the outstanding restitution fine despite the fact that the debtor received a chapter 7 discharge.

This motion will be dismissed without prejudice.

The relief sought implicates 11 U.S.C. § 523(a)(7) which provides: "A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . to the

extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty — (A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition."

Section 523(a)(7) excepts from a chapter 7 discharge some criminal restitution awards made by state and federal courts. <u>FDIC v. Soderling (In re Soderling)</u>, 998 F.2d 730 (9th Cir. 1993) (holding that both state and federal restitution orders potentially fall within the section 523(a)(7) exception to discharge).

The debtor acknowledges that the debt arises from a criminal restitution award. However, before ordering the prison authorities to halt collection of the restitution award, the court must first determine whether it is covered by the debtor's chapter 7 discharge. Is the restitution a fine, penalty, or forfeiture or is it compensation for some financial loss? If it is the former it is nondischargeable. Is the restitution owed to a governmental unit or to a victim of a crime? If it is the former it is nondischargeable.

To have the bankruptcy court answer these questions, the debtor must commence an adversary proceeding. <u>See</u> Fed. R. Bankr. P. 7001(6) and (9). That is, the debtor (or the prison authorities) must file a complaint, obtain the issuance of a summons, serve the summons and complaint, then prevail on the merits. Here, the debtor filed (but not served) a motion rather

than a complaint.

Alternatively, because 11 U.S.C. § 523(c)(1) does not require the bankruptcy court to determine dischargeability under section 523(a)(7), the debtor (or the prison authorities) also may ask the court issuing the criminal restitution order to determine its dischargeability.

Accordingly, the motion will be dismissed without prejudice. A separate order will be entered.

Dated: 25 Feb 2011

By the Court

_____
United States Bankruptcy Judge